**COLLEGE STATION STATE BANK,**
Appellant,

v.

**N. W. FULCHER & E. L. Fulcher, d/b/a**
A. W. Fulcher & Company, et al.,
Appellees.

No. 6906.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 6, 1956.

**954**

Coulter Hoppess, Philip Goode, Bryan, C. E. Florence, Gilmer, for appellant.

W. H. Frank Barnes, Terrell, Jones & Jones, Mineola, for appellee.

HALL, Chief Justice.

This action was brought by N. W. Fulcher and E. L. Fulcher, a partnership doing business as A. W. Fulcher & Company, against the College Station State Bank and the First National Bank of Mineola, to recover the sum of $2,112.15, the amount of a draft theretofore executed and delivered to appellees by Charles E. Cross. It appears that Charles E. Cross who was using the trade name of Edd Cross Dealers Auto Sales on or about January 20, 1955, purchased an automobile from appellees for the sum of $2,112.15 for which he gave them a draft in that amount on the College Station State Bank, directing the bank to pay that amount to the order of A. W. Fulcher & Company of Mineola. The Mineola bank mailed the draft to the College Station State Bank on January 21, 1955, for collection, and the College Station bank received it on January 23, 1955. The College Station bank kept and retained the draft until about the 17th or 18th of February, 1955, when at the insistence of the Mineola bank it returned the draft to the Mineola bank. Payment has never been made of this draft. The suit was instituted as above pointed out against both the College Station State Bank and the First National Bank of Mineola. No judgment was rendered against the Mineola bank but only against the appellant College Station State Bank for the full amount of said draft plus interest from date. Trial was to the court without a jury.

Appellant presents seven "propositions," none of which, in our opinion, comply strictly with Rule 418, T.R.C.P. We quote them as follows:

"1. The District Court should have held that the College Station Bank had never accepted the 'draft' or was liable for same.

"2. The District Court should have found that the College Station Bank acted diligently in the handling of the 'draft' and that it was not guilty of any negligence.

"3. The District Court should have found that 'Edd Cross Dealers Auto Sales' was the drawee on the draft.

"4. The District Court should have held that the actions of A. W. Fulcher and Company, its agents, officers and employees was the proximate cause of the loss.

"5. The District Court should have held that A. W. Fulcher and Company had made an election which released the College Station State Bank.

"6. The District Court should have held that A. W. Fulcher and Company was entitled to nominal damages only.

"7. The District Court should have held that the First National Bank of Mineola, Texas, was guilty of negligence."

■ We have decided, however, to discuss this case regardless of the lack of strict compliance with Rule 418 T.R.C.P. as above pointed out. The trial court made and filed, among others, the following findings of fact:

"7. That during all of said time said Chas. E. Cross carried an account with College Station State Bank; said account was closed and terminated on or about the 1st of March, 1955.

"8. That Chas. E. Cross was an automobile dealer using the trade name of 'Edd Cross Dealers Auto Sales'; that said College Station State Bank knew that was the trade name used by the said Chas. E. Cross.

"9. That after said College Station State Bank received said draft it notified the said Chas. E. Cross that it had said draft and talked with him numerous times about it, requesting payment thereof.

"10. That College Station State Bank did not comply with the instructions given it by First National Bank of Mineola, as contained on the slip attached to the outside of the draft, and enclosed in said envelope in which said draft was mailed to said bank by the First National Bank of Mineola.

"11. That said draft, when it was finally returned to First National Bank of Mineola, was charged back to the account of the plaintiffs in said amount of the draft and First National Bank of Mineola delivered said draft to plaintiffs and that they then and now are the holders and owners of said draft and the same has not been paid."

These and the other findings of fact by the trial court are ample to sustain the judgment rendered by the trial court and are supported by the record. The trial court concluded as a matter of law:

"1. The Court concludes that the College Station State Bank was under a duty imposed on it by law to either accept the draft and pay it, or return the same within 24 hours after presentment and it having failed to return the draft within such time became liable for the payment thereof and that the plaintiffs are entitled to judgment for the amount of the draft.

"2. The Court further finds that the College Station State Bank's failure to return the draft or report on it as instructed in the letter of transmittal constituted negligence, proximately causing the plaintiffs loss and therefore the plaintiffs should recover of the defendant College Station State Bank, College Station, Texas, the amount of the draft.

"3. The Court further concludes that under the law the plaintiff was not guilty of any negligence contributing to his loss by reason of the failure of the draft to be paid."

Under the facts in this record, the liability of appellant College Station State Bank became fixed when it failed to return said draft within the 24-hour period required by the statute, Article 342–704, R.C. S. of Texas, Vernon's Ann.Civ.St. We think the cases of City State Bank in Wellington v. National Bank of Commerce, Tex.Civ.App., 261 S.W.2d 749, writ ref., N.R.E.; and Tyler Bank & Trust Co. v.

Carder, 5 Cir., 224 F.2d 687, writ of certiorari refused by 350 U.S. 913, 76 S.Ct. 197 are controlling here.

Finding no error in the record, this cause is in all things affirmed.